**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4101**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALLEN VAN WILSON,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:19-cr-00363-NCT-1)

Submitted:  October 26, 2020                    Decided:  November 3, 2020

Before NIEMEYER, KING, and QUATTLEBAUM,  Circuit Judges.

Affirmed by unpublished per curiam opinion.

John D. Bryson, WYATT EARLY HARRIS WHEELER, LLP, High Point, North Carolina, for Appellant.   Matthew G.T. Martin, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allen Van Wilson appeals the 37-month sentence imposed by the district court after he pleaded guilty to knowingly possessing firearms having previously been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). On appeal, Wilson contends that his sentence is substantively unreasonable. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the [Sentencing] Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). We first consider "whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* "If the Court find[s] no significant procedural error, [it] then consider[s] the substantive reasonableness of the sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, __ S. Ct. __, 2020 WL 5883437 (Oct. 5, 2020); *see also United States v. Provance*, 944 F.3d 213, 215 (4th Cir. 2019) ("[W]e review the sentence for procedural reasonableness *before* addressing whether it is substantively reasonable.").

"When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Arbaugh*, 951 F.3d at 176 (alteration and internal quotation marks omitted); *see also Gall*, 552 U.S. at 59-60 (recognizing that appellate court must give "due deference

2

to the [d]istrict [c]ourt's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence"). We presume that a sentence within the Guidelines range is substantively reasonable. *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 855 (2019). A defendant can only rebut the presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

On appeal, Wilson does not assert any procedural error, and our review confirms that his sentence is procedurally reasonable. Moreover, Wilson fails to rebut the presumption that his within-Guidelines-range sentence is reasonable, and we "defer[] to the [d]istrict [c]ourt's reasoned . . . decision that the § 3553(a) factors, on the whole, justified the sentence." *Gall*, 552 U.S. at 59-60. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*